IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURTIS ADAMS<br>14005 Cooper Lane<br>West Friendship, Maryland 21794 | * | Civil Action No.:  1:14-cv-02793 RDB |
| and | * | |
| TRAVIS GUTHRIE<br>2880 Hunt Valley Drive<br>Glenwood, Maryland 21738 | *<br><br>* | |
| and | | |
| | * | |
| ABDI GELETA<br>1315 Camden Avenue<br>Salisbury, Maryland 21801 | * | |
| | * | |
| and | | |
| | * | |
| ERIC KLUGE<br>5134 Turkey Point Road<br>North East, Maryland 21901 | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | |
| JUSTIN AITA,<br>Individually and in his official capacity<br>as an Officer of the Salisbury Police Department<br>699 West Salisbury Parkway<br>Salisbury, Maryland 21801 | *<br><br>*<br><br>* | |
| and | | |
| CITY OF SALISBURY, MARYLAND<br>125 North Division Street<br>Salisbury, Maryland 21801<br>    Serve On:    Tom Stevenson – City Administrator<br>                         City of Salisbury<br>                         125 North Division Street<br>                         Salisbury, Maryland 21801 | *<br><br>* | |
| Defendants | * | |

## AMENDED COMPLAINT

Plaintiffs, Curtis Adams, Travis Guthrie, Abdi Geleta and Eric Kluge, by and through their undersigned counsel, Luke A. Rommel, Esquire and Otway Russo & Rommel, PC, sue the above captioned Defendants and for causes of action against same state as follows:

### NATURE OF THE CASE

1.  This action is brought by the Plaintiffs, Curtis Adams, Travis Guthrie, Abdi Geleta and Eric Kluge, who at the time of the incident were all undergraduate students at Salisbury University. On the night of May 3, 2014, and into the early morning of May 4, 2014, the Plaintiffs were involved in an altercation with the Salisbury Police Department and Officer Justin Aita, who was acting individually and in his official capacity as a Salisbury Police Officer and employee of the City of Salisbury. The Plaintiffs were each seized and detained and jailed (with the exception of Mr. Kluge, who was detained in handcuffs in a police vehicle and later at police headquarters but ultimately released) for nearly 24 hours, and were arrested, assaulted and injured by the Salisbury Police Department and Officer Aita. There was no lawful, reasonable or apparent reason for the Plaintiffs' seizure, detention, arrest or the use of police force that was inflicted upon them, other than the fact they were targeted as Salisbury University students. The Plaintiffs' claims, in pertinent part, are brought under the Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C §§ 1331, 1332, 1343 and 1367, as well as, principles of supplemental and pendant jurisdiction. Venue is appropriate in this Court pursuant to 28 U.S.C § 1391.

3. The causes of action alleged herein arise from factual allegations occurring in this judicial district. Upon information and belief, the Plaintiffs and the named individual Defendant reside in this District. Defendant City of Salisbury is located in this District.

4. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

## PARTIES

5. Plaintiff, Curtis Adams, is a resident of West Friendship, Maryland.

6. Plaintiff, Travis Guthrie, is a resident of Glenwood, Maryland.

7. Plaintiff, Abdi Geleta, is a resident of Salisbury, Maryland.

8. Plaintiff, Eric Kluge, is a resident of North East, Maryland.

9. Defendant, Justin Aita, is an individual who upon information and belief resides in Wicomico County, Maryland. At all relevant times, Aita was acting in his official capacity as an officer of the Salisbury Police Department. Defendant, City of Salisbury, is a public entity established under the laws of Maryland to be sued in its own name. The conduct of Officer Aita and the City of Salisbury stands in violation of the Fourth and Fourteenth Amendments of the Constitution, as well as clearly established law.

10. The Plaintiffs have complied with the Local Government Tort Claims Act by providing timely notice on June 9, 2014 to the City Administrator for the City of Salisbury, the Mayor of Salisbury, the Maryland State Treasurer, and the Chief of the Salisbury Police Department. Plaintiff Eric Kluge placed the persons and entities described above on timely notice on or around September 15, 2014.

## FACTS COMMON TO ALL COUNTS

11. On the night of May 3, 2014, and into the early morning of May 4, 2014, Curtis Adams, Travis Guthrie, Abdi Geleta and Eric Kluge involuntarily detained, assaulted and/or arrested by the Salisbury Police Department and Officer Justin Aita.

12. Initially, Salisbury Police officers arrived around the area of Bateman Street and Route 13 in Salisbury to disperse a small-to-moderate crowd of people, including Mr. Adams, Mr. Guthrie, Mr. Geleta and Mr. Kluge, who were congregated outside in a parking lot near a local restaurant and nightclub. No fights, physical confrontations or disturbances of any kind occurred while the officers were at the scene. There was nothing that could have been perceived to be a breach of peace or imminent threat of danger (physical or otherwise) to anyone on the scene at all relevant times.

13. The Salisbury Police officers ordered that the crowd disperse. The crowd (which has been estimated to be about 20-30 people) dispersed in an orderly and peaceful manner, and walked away from the area from where the officers responded, and in the direction of the Salisbury University campus. Mr. Adams, Mr. Guthrie, Mr. Geleta and Mr. Kluge were in the process of walking away at the time of the incident, and had their backs to the officers as they approached the Salisbury University tunnel. Officer Aita made no "split-second" judgments; he traveled an extended distance to track down Mr. Adams and initiate the use of force.

14. In the Salisbury University tunnel, which crosses and runs beneath Maryland Route 13, Officer Justin Aita ran from behind and grabbed hold of Mr. Adams. Officer Aita then pulled and threw him to the ground. Mr. Adams had stepped several feet inside the tunnel and was in the process of walking away. The crowd was quiet and peaceful at the time. Officer Aita then tackled Mr. Adams and used excessive force against him, in violation of his Fourth and Fourteenth Amendment rights, including what appeared to be punching or kneeing him in the ribs, and forcing him face-down onto the concrete. At no point did Mr. Adams initiate contact, or even know the police officers were approaching him from behind at the time he was taken to the ground by force. Mr. Adams did not attempt to flee, retaliate or even resist the force as it was applied against him. Until Officer Aita assaulted Mr. Adams, the crowed was walking

peacefully in the general direction of the tunnel. No force whatsoever was lawful, necessary or reasonable under these circumstances. The Defendants had no identifiable countervailing government interest at stake that necessitated the use of police force.

15. Plaintiffs Guthrie and Geleta were arrested because they were standing nearby. Prior to his arrest, Mr. Guthrie had no contact with the Defendants whatsoever. Mr. Guthrie did not obstruct or hinder Officer Aita from doing anything, and was standing peacefully when Mr. Adams was attacked. Excessive force was also used against Mr. Guthrie to effectuate his arrest, in violation of his Fourth and Fourteenth Amendment rights.

16. Mr. Geleta was arrested for no known reason. Excessive force in violation of his Fourth and Fourteenth Amendment rights was applied to effectuate this arrest, even though Mr. Geleta posed no threat whatsoever and was simply standing nearby. Apparently Officer Aita knew Mr. Geleta when they both went to high school in the Salisbury area, and were not friendly during this time. Shortly after the incident, Officer Aita called a mutual acquaintance that knew them both in high school, and boasted that "I just arrested Abdi [Geleta]".

17. After the incident, Officer Aita prepared a fictional police narrative to support the arrest of Mr. Adams, Mr. Guthrie and Mr. Geleta. Early the next week, the Salisbury Police Department then confiscated surveillance video of the incident from Salisbury University, and refused to provide it (or a chance to view it) to the Plaintiffs. On the night of the incident, Officer Aita also attempted to erase or destroy cell phone video footage taken by witnesses to the incident described above, and also took Geleta's cell phone threw it face-down onto the pavement. The Salisbury Police Department, through this and other conduct, including being on notice that Officer Aita on other members of the Salisbury Police Department prepared fictional police narratives when dealing with Salisbury University students. The Salisbury Police Department, with this knowledge, implements and encourages policies that violate the Plaintiffs'

and others' due process and Constitutional rights. In addition, the Salisbury Police Department and City of Salisbury continued to dispatch Officer Aita without working dashboard surveillance in his police vehicle, despite having knowledge that he endangered the Plaintiffs and the public.

18.     Mr. Kluge was handcuffed, shoved and kicked to the ground by Officer Aita, for no known reason. At the time Officer Aita kicked Mr. Kluge to the ground, and all relevant times before or thereafter, no police force was reasonable or necessary, as Mr. Kluge did not pose a danger or a threat to anyone, including Officer Aita. Mr. Kluge did not have any interaction with Officer Aita until Officer Aita initiated the use of force. After he was kicked, Mr. Kluge was forced into a police vehicle and taken to the Salisbury Police Station, but was ultimately not charged criminally. On or around September 10, 2014, over four months after the incident, the Salisbury Police Department and Officer Aita prepared a false police report to support and cover-up the alleged police interaction with Mr. Kluge, including his wrongful detention and false arrest. The Defendants have prepared false police reports intentionally and systemically, including with Mr. Kluge and the three Co-Plaintiffs in this case. Officer Aita, with the systemic encouragement of the Salisbury Police Department, also prepared a false police report to support his own interaction with Mr. Guthrie on a later date.

19.     As a result of the incident, the Plaintiffs (with the exception of Mr. Kluge) were required to appear for a disciplinary proceeding at Salisbury University, and could have been fined, sanctioned or suspended from school. At the disciplinary hearing, school administrators watched video surveillance of the incident and determined that "the information provided by [the Salisbury Police Department] did not meet the preponderance of evidence standard to support a finding of responsibility." The Plaintiffs' had to appear and defend themselves at the hearing, and had their academic status jeopardized, despite the fact that they did nothing wrong.

20. The Plaintiffs have been physically, economically and emotionally damaged by the incident, including but not limited to experiencing pain, lacerations and bruising while being arrested, kicked, shoved, tackled to the ground, handcuffed and detained. The Plaintiffs (with the exception of Mr. Kluge) were forced to spend a night in jail, and have had to defend fictional criminal charges. In addition, the Plaintiffs, who are prepared to enter the job market as college graduates, will foreseeably be required to explain this incident to prospective employers as part of the job application process. The Plaintiffs have also incurred attorneys' fees as a result of defending the criminal proceedings, and have missed time at school and work to defend the criminal charges. As a result of Defendants' conduct, the Plaintiffs have suffered damages by being unlawfully held against their will for an extended period of time and have suffered and will continue to suffer severe emotional anguish, loss of reputation, loss of income, and other damages. In addition, when Mr. Kluge was kicked to the ground by Officer Aita, the face of his wrist watch shattered. The watch had actual and sentimental value, as it was a gift from Mr. Kluge's father.

## COUNT I - VIOLATION OF 42 U.S.C. § 1983
(*Adams, Guthrie, ~~and~~ Geleta and Kluge vs. Justin Aita and City of Salisbury*)

21. Plaintiffs incorporate herein by reference, all of the allegations of Paragraphs 1 through 20 above, as fully as if said allegations had been repeated at length herein.

22. In committing the acts complained of herein, the Defendants deprived the Plaintiffs of constitutionally protected rights of the Fourth Amendment to the United States Constitution, including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from excessive force by persons under the color of law; and d) the right to be free from false arrest.

23. At all relevant times, Plaintiffs had constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and excessive force.

24. The Defendants' use of force against the Plaintiffs was excessive, intentional and objectively unreasonable in light of the facts and circumstances confronting them. The force applied by the Defendants, including Officer Aita, was grossly disproportionate to any real or perceived public risk.

25. As a direct and proximate result of the Defendants' actions, the Plaintiffs were harmed and suffered and continue to suffer and incur both economic and non-economic damages. The Plaintiffs have suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C § 1983.

26. The conduct of Defendants was intentional, reckless, malicious and/or callously indifferent to the rights of Plaintiffs and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein. The Defendants' conduct is systemic and has occurred against others similarly situated in the past.

27. The Salisbury Police Department, City of Salisbury and Officer Aita have consistently demonstrated a pattern of wrongfully targeting and arresting college students for trivial or minor offenses, or offenses that did not happen at all. Examples include seizing and detaining Salisbury University students for no lawful reason, and then using physical force when no threat or need existed. The Salisbury Police Department also has demonstrated a systemic pattern and practice of writing fictional, post-dated or grossly exaggerated police narratives to support the arrests of these students, including the Plaintiffs in this litigation. Most of the offenses charged are relatively minor but difficult to disprove, such as "obstructing and hindering" or "failure to obey a lawful order." The Salisbury Police Department has

demonstrated a pattern of using excessive force against college students, including the Plaintiffs, when no such force was reasonably necessary. Officer Aita has demonstrated emotional instability in dealing with the public, such as stalking and phone harassment. The Defendants have also systemically prepared, on multiple occasions, drafted and post-dated misleading, false or grossly exaggerated police reports designed to cover-up wrongful and unlawful police interaction with the public, including both Mr. Kluge (as part of this incident) and Mr. Guthrie (as part of a separate, subsequent encounter with Officer Aita).

WHEREFORE, Plaintiffs Adams, Guthrie, ~~and~~ Geleta and Kluge each demand judgment against Defendants for the damages and violation of their constitutional rights against all defendants, jointly and severally, for actual general, special and compensatory damages in an amount not less than Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses and such other relief as the nature of their cause and principles of justice may require.

COUNT II - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C § 1983
USE OF EXCESSIVE FORCE
(*Adams, Guthrie, Geleta and Kluge vs. Justin Aita and City of Salisbury*)

28. Plaintiffs incorporate herein by reference, all of the allegations of Paragraphs 1 through 27 above, as fully as if said allegations had been repeated at length herein.

29. The Defendants have adopted and used policies, procedures, practices and customs within their jurisdiction that has allowed, among other things, the use of excessive force when more reasonable and less drastic methods were available, or no action was necessary at all. The Defendants' unreasonable use of force has systemically and disproportionately been applied to college students at Salisbury University, including the Plaintiffs. The Salisbury Police Department was aware that Officer Aita used excessive force against citizens in the past, and demonstrated erratic behavior. With this knowledge, the Salisbury Police Department continued

to encourage and support Officer Aita in his capacity as a law enforcement officer, and sent him out into the community with knowledge of his violent propensities and without working dashboard surveillance video in his police cruiser.

30. The actions of the Defendants amount to deliberate indifference to the rights of the Plaintiffs to be free of excessive force and unreasonable seizures of the Fourth Amendment to the United States Constitution.

31. As a result of the deliberate indifference to the Plaintiffs' rights by the Defendants, the Plaintiffs suffered personal injuries and other damages, and are entitled to relief under 42 U.S.C § 1983.

WHEREFORE, Plaintiffs Adams, Guthrie, Kluge and Geleta each demand judgment against Defendants for the damages and violation of her constitutional rights against all Defendants, jointly and severally, for actual general, special and compensatory damages in an amount not less than Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses and such other relief as the nature of their cause and principles of justice may require.

<u>COUNT III - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C § 1983</u>
FALSE ARREST
(*Adams, Guthrie and Geleta vs. Justin Aita and City of Salisbury*)

32. Plaintiffs incorporate herein by reference, all of the allegations of Paragraphs 1 through 30 above, as fully as if said allegations had been repeated at length herein.

33. In committing acts complained of herein, Defendants acted under color of law by falsely and unlawfully arresting and detaining the Plaintiffs with no basis in fact or law to do so, in violation of the Plaintiffs' rights under the Fourth and Fifth Amendments to the United States Constitution.

34.     As a direct and proximate result of the violation of their constitutional right to be free from false arrest by the Defendants, the Plaintiffs suffered serious personal injuries, emotional damage, mental anguish, and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C § 1983.

WHEREFORE, Plaintiffs demand judgment for the damages and violation of their constitutional rights against all defendants, jointly and severally, for actual general, special and compensatory damages in an amount not less than Seventy Five Thousand Dollars ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses and such other relief as the nature of their cause and principles of justice may require.

COUNT IV - CIVIL ASSAULT
(*Adams, Guthrie, ~~and~~ Geleta and Kluge vs. Justin Aita*)

35.     Plaintiffs incorporate herein by reference, all of the allegations of Paragraphs 1 through 34 above, as fully as if said allegations had been repeated at length herein.

36.     Officer Aita's conduct and unlawful and excessive use of force against the Plaintiffs constituted an intentional touching of the Plaintiffs, which resulted in the offensive, non-consensual touching of the Plaintiffs by Officer Aita, and was undertaken deliberately and with actual malice.

37.     As a result of Officer Aita's conduct, the Plaintiffs have suffered damages, including, but not limited to pain and suffering, physical injuries, bruising and lacerations, humiliation, mental distress, and economic losses.

38.     Officer Aita's arrest and use of force against Geleta was motivated by personal reasons, which were unrelated to the actual incident on the night of this arrest.

39.     Officer Aita attempted to cover up his use of force against Mr. Kluge when he wrote a false and misleading police narrative in September, over four months after the incident.

WHEREFORE, Plaintiffs demand judgment against Defendant for the damages and violation of their constitutional rights against all defendants, jointly and severally, for actual general, special and compensatory damages in an amount not less than Seventy Five Thousand Dollars ($75,000.00), plus punitive damages, plus the costs of this action, including attorneys' fees and expenses and such other relief as the nature of their cause and principles of justice may require.

## PRAYERS FOR RELIEF

WHEREFORE, the above premises considered, the Plaintiffs demand:

1. That process issue to the Defendants, and that they be required to answer in the time allowed by law.

2. That judgment be rendered in favor of the Plaintiffs and against the Defendants on all causes of action asserted herein.

3. That the Plaintiffs be awarded punitive damages against the Defendants.

4. That the Plaintiffs be awarded the reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C § 1988 (b) and (c).

5. That the Plaintiffs receive and other further and general relief to it may appear she is entitled.

6. A jury for the trial of this matter.

Date: September 30, 2014

_____
Luke A. Rommel, Esquire
(Federal Bar #16949)
lrommel@otwayrusso.com

OTWAY, RUSSO & ROMMEL, P.C.
P.O. Box 4096
Salisbury, Maryland 21803
Telephone 410-749-3900
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __30__ day of September, 2014 a copy of the foregoing Amended Complaint was filed and electronically served upon the following: John F. Breads, Jr., Esquire (jfbreads@ligit.org) and Matthew D. Peter, Esquire (mpeter@lgit.org) 7225 Parkway Drive, Hanover, Maryland 21076 *Counsel for Defendants*

_____
Luke A. Rommel, Esquire