IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CURTIS ADAMS, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-14-2793 |
| JUSTIN AITA, *et al.*, | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiffs Curtis Adams ("Adams"), Travis Guthrie ("Guthrie"), Abdi Geleta ("Geleta"), and Eric Kluge ("Kluge") (collectively, "Plaintiffs") bring this 42 U.S.C. § 1983 action against Defendants Justin Aita ("Officer Aita") and the City of Salisbury, Maryland (the "City") (collectively, "Defendants"), alleging violations of their rights under the Fourth and Fourteenth Amendments of the United States Constitution, U.S. Const. amends. IV, XIV, and civil assault under Maryland law. Specifically, Plaintiffs claim that Officer Aita employed excessive force and subjected them to false arrest. Furthermore, they allege that Officer Aita acted in accordance with and in furtherance of the City's alleged improper policy or custom to target and otherwise harass Salisbury University students, as prohibited by *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978).

Currently pending are Defendants' Motion to Dismiss the original complaint (ECF No. 11) and Defendants' Motion to Dismiss the Amended Complaint (ECF No. 19). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6

(D. Md. 2014).   For the reasons that follow, Defendants' Motion to Dismiss the original complaint (ECF No. 11) is MOOT[1] and Defendants' Motion to Dismiss the Amended Complaint (ECF No. 19) is DENIED.

BACKGROUND

This Court accepts as true the facts alleged in the plaintiffs' complaint.   *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). This action arises from altercations between the Plaintiffs and Salisbury Police Officer Aita on the night of May 3, 2014 and morning of May 4, 2014. Amend. Compl. ¶ 1. At the time of the incident, Plaintiffs were undergraduate students at Salisbury University (the "University"). *Id.* They, and several other students, formed a "small-to-moderate crowd of people" outside of a Salisbury restaurant and nightclub. *Id.* ¶ 12. Salisbury police officers allegedly arrived at the scene to disperse the crowd, but no physical altercations of any kind occurred while the officers were present. *Id.*

Pursuant to the orders of the officers, the crowd began to disperse in "an orderly and peaceful manner." *Id.* ¶ 13. Plaintiffs allege that they were walking towards the campus of the University, with their backs towards the officers, when Officer Aita allegedly "traveled an extended distance to track down [Plaintiff] Adams and initiate the use of force." *Id.* Plaintiffs claim that, while they were in the University tunnel under Route 13, Officer Aita grabbed Adams from behind and "pulled and threw him to the ground." *Id.* ¶ 14. Officer Aita allegedly "used excessive force against [Adams] . . . including what appeared to be punching or kneeing him in the ribs, and forcing him face-down onto the concrete." *Id.* Adams claims

---

[1] After Defendants filed the Motion to Dismiss (ECF No. 11), Plaintiffs filed an Amended Complaint (ECF No. 12). Defendants subsequently filed a Motion to Dismiss the Amended Complaint (ECF No. 19), which renewed the arguments of the first Motion to Dismiss, as applied to the Amended Complaint. Defendants' first Motion to Dismiss (ECF No. 11) is thereby MOOT.

that he did not initiate contact, attempt to flee Officer Aita, nor even resist when Officer Aita seized him. *Id.* Leading up to and during the altercation, the crowd remained peaceful. *Id.*

Plaintiffs Guthrie and Geleta, who were standing close to Officer Aita and Adams, were also arrested. *Id.* ¶ 15. Guthrie did "not obstruct or hinder Officer Aita from doing anything." *Id.* Instead, he was "standing peacefully" during the confrontation between Officer Aita and Adams. *Id.* Guthrie claims his arrest was also effectuated through excessive force. *Id.* Like Guthrie, Geleta alleges that he "was simply standing nearby" when he was arrested. *Id.* ¶ 16. Officer Aita allegedly knew Geleta from high school and boasted to an acquaintance that he had "just arrested Abdi [Geleta]." *Id.*

It is also alleged that Officer Aita subsequently created a "fictional police narrative" to sanction his arrests of Adams, Guthrie, and Geleta. *Id.* ¶ 17. During the week following the altercations, the Salisbury Police Department allegedly confiscated the surveillance footage from the University tunnel, refusing the Plaintiffs' requests to view the film. *Id.* To support the "fictional" police reports, Officer Aita allegedly destroyed or erased any witness cell phone videos from the incident. *Id.* Plaintiffs claim that Officer Aita acted in accordance with the Salisbury Police Department's custom of falsifying reports and otherwise covering up the its officers' violations of University students' constitutional rights. *Id.*

Officer Aita also "handcuffed, shoved and kicked [Plaintiff Kluge] to the ground . . . for no known reason." *Id.* ¶ 18. Before the altercation, Kluge and Officer Aita did not interact. *Id.* Kluge claims that he "did not pose a danger or threat to anyone," but was merely standing in the crowd. *Id.* After his arrest, Kluge was taken to the Salisbury Police Station,

but was never charged. *Id.* It is alleged that, on September 10, 2014, the Salisbury Police Department and Officer Aita crafted a false report to "support and cover-up" the handling of the confrontation with Kluge. *Id.* As with the reports for his Co-Plaintiffs, Kluge claims that the City, through the Salisbury Police Department, systematically encouraged the creation of this fictional report. *Id.* Throughout this time, the Salisbury Police Department continued to deploy Officer Aita in a police vehicle without a working dashboard surveillance camera. *Id.* ¶ 17.

Due to the confrontation with Officer Aita, the University called Plaintiffs Adams, Guthrie, and Geleta to appear for a disciplinary hearing. *Id.* ¶ 19. After watching surveillance from the incident, University administrators concluded that "the information provided by [the Salisbury Police Department] did not meet the preponderance of evidence standard to support a finding of responsibility." *Id.* Had the University held the Plaintiffs responsible, the potential consequences included fines, sanctions, and suspensions. *Id.* Each Plaintiff claims physical, economic, and emotional damages stemming from the incident. *Id.* ¶ 20.

After Plaintiffs[2] filed the subject action in this Court, Defendants collectively moved to partially dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot. to Dismiss, ECF No. 11. Plaintiffs subsequently filed an Amended Complaint (ECF No. 12) to add Plaintiff Kluge and to supplement the original pleadings. Once again, Defendants collectively moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6).[3] *See* Mot. to Dismiss the Amend. Compl.. ECF No. 19. Defendants also filed a

---

[2] The original Complaint (ECF No. 1) was filed by Adams, Guthrie, and Geleta.

[3] This Court notes that, unlike the first Motion to Dismiss, the Motion to Dismiss the Amended Complaint seeks to dismiss the Amended Complaint in its entirety. This Motion, however, asserts arguments regarding the Fifth Amendment, the *Monell* claims against the City, and governmental immunity. With the exception of

Supplement to the Motion to Dismiss the Amended Complaint (ECF No. 22), asking this Court to abstain under *Younger v. Harris*, 401 U.S. 37 (1971), from ruling on the present action, given the ongoing state criminal proceedings in the Circuit Court for Wicomico County, Maryland for Adams,[4] Guthrie,[5] and Geleta.[6] As Adams, Guthrie, and Geleta were each found not guilty of all criminal charges in separate jury trials, this Court need not consider whether abstention is appropriate. Rather, this Court will address Defendants' pending Motion to Dismiss the Amended Complaint (ECF No. 19).

<u>STANDARD OF REVIEW</u>

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to

---

the Fifth Amendment argument, Defendants' asserted grounds for dismissal are relevant only to the claims against the City, and not the claims against Officer Aita in his individual and official capacities.

[4] *State v. Adams*, Case No. 22K14000782.

[5] *State v. Guthrie*, Case No. 22K14000781.

[6] *State v. Geleta*, Case No. 22K14000777.

dismiss. *Iqbal*, 556 U.S. at 678.   First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief."   *Iqbal*, 556 U.S. at 679. While the plausibility requirement does not impose a "probability requirement," *Twombly*, 550 U.S. at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim.   It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)).   In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief.   *Iqbal*, 556 U.S. at 679.   "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

ANALYSIS

In moving to dismiss the subject Amended Complaint, Defendants argue that the Plaintiffs' *Monell* claims under 42 U.S.C. § 1983 fail to state plausible claims for relief.[7] Section 1983 creates a private right of action for any United States citizen seeking to remedy alleged constitutional violations. 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Section 1983 does not create "substantive rights;" rather, it provides "a method for vindicating federal rights elsewhere conferred." *Thompson v. Dorsey*, Civ. A. No. ELH-10-1364, 2011 WL 2610704, at *3 (D. Md. June 30, 2011) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).

Under *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978), a Section 1983 cause of action may lie against a local government or municipality when execution of the government's unconstitutional policy or custom causes a plaintiff injury. *See Walker v. Prince George's Cnty., Md.*, 575 F.3d 426, 431 (4th Cir. 2009) (stating that the liability of the

---

[7] Defendants assert two other grounds upon which the Amended Complaint should be dismissed, yet neither argument is pertinent to the Amended Complaint. First, Defendants argue that Plaintiffs fail to state a plausible claim under the Fifth Amendment of the United States Constitution, U.S. Const. amend. V. Yet, in the Amended Complaint, Plaintiffs removed any substantive references to the Fifth Amendment. Second, Defendants contend that the City is entitled to governmental immunity for the claim of common law assault in Count IV. Count IV, however, is asserted solely against Officer Aita. As the City is not even named in Count IV, this Court need not consider whether it is entitled to the requested governmental immunity.

municipality arises only where the employees' unconstitutional actions are taken in furtherance of a municipal policy or custom). In order to support a claim, "(1) the municipality must have actual or constructive knowledge of the custom and usage by its responsible policymakers, and (2) there must be a failure by those policymakers, as a matter of specific intent or deliberate indifference, to correct or terminate the improper custom and usage." *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 210 (4th Cir. 2002) (internal quotation marks omitted). When a plaintiff brings a "custom or usage" claim under *Monell*, the alleged practice must be "so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)). Moreover, there must be a "direct causal link" between the policy or custom and the deprivation of rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 386-87 (1989); *see also Huggins v. Prince George's Cnty., Md.*, 750 F. Supp. 2d 549, 554 (D. Md. 2010).

In this case, the Amended Complaint alleges illegal patterns and practices of the Salisbury Police Department regarding the use of excessive force, baseless arrests, falsified police reports, covering-up of police violations, and other harassment of Salisbury University students. Specifically, Officer Aita's alleged actions—the unprovoked and excessive force used against and false arrests of the Plaintiffs, as well as preparation of fictional arrest reports to support his actions—were allegedly committed in furtherance of the illegal customs and practices. According to the Amended Complaint, such actions were endemic among the officers of the Salisbury Police Department. At this early stage in the proceedings, the Plaintiffs must show only that their claims are *plausible*, not that they are

*probable. See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 678. Although the Amended Complaint contains greater specificity with respect to the claims regarding Officer Aita's actions, the more general allegations with respect to the Salisbury Police Department are adequate to survive the Defendants' Motion to Dismiss. *Cf. Rockwell v. Mayor & City Council of Baltimore*, Civ. A. No. RDB-13-3049, 2014 WL 949859, at *12 (D. Md. Mar. 11, 2014); *Brown v. Bailey*, Civ. A. No. RDB-11-1901, 2012 WL 2188338, at *4 (D. Md. June 13, 2012).

<u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 11) is MOOT[8] and Defendants' Motion to Dismiss the Amended Complaint (ECF No. 19) is DENIED.

A separate Order follows.

Dated: September 9, 2015                         _____/s/_____
                                                 Richard D. Bennett
                                                 United States District Judge

---

[8] After Defendants filed the Motion to Dismiss (ECF No. 11), Plaintiffs filed an Amended Complaint (ECF No. 12). Defendants subsequently filed a Motion to Dismiss the Amended Complaint (ECF No. 19), which renews the arguments of the first Motion to Dismiss, as applied to the Amended Complaint. Defendants' first Motion to Dismiss (ECF No. 11) is thereby MOOT.